LAWRENCE BOYLEN *vs.* PATRICK LEONARD & trustees.

If the good faith of an assignment of wages is not questioned in the superior court, at the hearing of a trustee process by which the wages are sought to be held, it cannot be questioned in this court, on appeal.

An assignment of future wages, without limitation of time, will include wages earned by a laborer for nine months thereafter, under a contract then existing, by which he was to labor for his employer for an indefinite time, although his rate of wages was afterwards increased; especially if the parties have treated the assignment as applicable to such wages, and payments thereof have been made to the assignee since the rate was increased.

TRUSTEE PROCESS, commenced in October 1860. In January preceding, the defendant executed the assignment copied in the margin.* The material portions of the trustees' answer are stated in the opinion. At the hearing in the superior court, before *Morton*, J., the trustees were charged, and appealed.

*S. A. Burgess*, for the trustees.

*J. B. Cook*, for the plaintiff.

DEWEY, J. It would have been competent for the plaintiff in the superior court to deny that there was any adequate consideration for this assignment, or to show that the making of the assignment was fraudulent, and designed by the parties to cover the earnings of the assignor for his own use and benefit, and in fraud of his creditors. But no such objection appears to have been taken in the present case, and we are therefore to assume the

* "Know all men by these presents, that I, Patrick Leonard of Blackstone, in the County of Worcester, and State of Massachusetts, laborer, in consideration of one hundred dollars to me paid by T. T. Smith & Co., of said Blackstone, traders, do hereby grant, sell and assign to said T. T. Smith & Co. all claims and demands which I have now, or which I may have against the Millville Manufacturing Co., otherwise, Edward S. Hall & Co., a firm doing business at Millville, in said Blackstone, for all sums of money due, or to become due to me from said Millville Manufacturing Co. for the services of myself and family done and performed for them, and all claims and demands which I now have, or which I may have against Thomas Leonard, Bridget Cheever, and Mary Connor or either of them, for their board and lodging, and all claims and demands which I now have, or which I may have against any other person or persons of every name and nature, with full power in my name at their own cost to collect, receive, discharge or assign the same."

assignment to have been made *bona fide*, and upon a good consideration ; and only the legal question remains as to its operation in reference to the earnings sought to be held by the plaintiff.

This assignment, so far as it applies to any sums that might be due from the alleged trustees to the assignor, with the single exception of want of limitation as to the period of time it was to continue, is much like that in the case of *Emery* v. *Lawrence*, 8 Cush. 151, which was sustained by this court. Whether such an assignment must not be held to be under some reasonable limitation in point of time, it is not important now to consider; inasmuch as the assignment in this case was recently made — less than nine months having elapsed from the time of its execution — when this trustee process was instituted.

We are brought then to the legal effect of this instrument. That a debtor who is employed in the service of a third person may lawfully assign to one of his creditors his future earnings in such service, was held in the case of *Weed* v. *Jewett*, 2 Met. 608, and has been recognized in several subsequent cases. The only real question in the present case is that as to the operation of this assignment to transfer to the assignee the earnings of the assignor for services performed after the 1st of July 1860. It was executed on the 19th of January 1860. The assignor was then in the service and employment of the alleged trustees under an engagement to pay him $18 a month, which engagement and rate of wages continued from May 1, 1859, to July 1, 1860. That engagement was extended, and the assignor continued in service, the future wages being fixed by the parties at $20 a month, after July 1, 1860. The alleged trustees in their answer, which for the purposes of the present inquiry must be taken to be true, state that " at the time said assignment was made, there was a subsisting contract on the part of the assignor to labor in our employment for an indefinite period of time, which said contract has always continued and been in force from the date of said assignment to the present time, but his wages were increased by us on the 1st day of July 1860, from $18 to $20 per month."

The plaintiff insists that the case falls within the principle of

*Mulhall* v. *Quinn*, 1 Gray, 105, and subsequent cases, and that the indebtedness of the alleged trustees for services after July 1, 1860, was not covered by the assignment, the same having arisen under a contract not existing at the date of the assignment. The answer to this position is found in the facts stated by the trustees as above recited, that the contract of May 1, 1859, was for an indefinite period of time, and that this contract to labor continued in force, with no other change than a stipulation to allow higher wages after July 1, 1860. We have heretofore held, in the case of *Wallace* v. *Heywood Chair Co.* 16 Gray,    , that where the service was continuous, although the rate of wages per month might be changed for the extended period, yet such service after the change of wages might properly be held to be affected by an assignment of the earnings from the future services of the laborer, made before the extension and change of wages, under an order accepted in the words following, " Accepted ; payable when earned."

The present case is apparently a more favorable one for sustaining the assignment, as applicable to the earnings under the advanced wages, as the services here were not only continuous, but the contract, as stated in the answer of the trustees, was originally a contract to labor for an indefinite period of time.

The case of assignments of their earnings by public officers appointed for a definite period of time, but subsequently to the making of such assignment receiving a new appointment, has been held not to pass to the assignee any right to dues of such officers arising under their second appointment. Such appointments are treated as distinct and independent, and assignments by those holding them were held not to extend beyond the appointment then in existence, in the recent case of *Twiss* v. *Cheever, ante*, 40.

The case now before the court is of a different character, and the assignment is deemed effectual for passing the earnings of the assignor after July 1, 1860. The parties had so understood it, and recognized it, by making various payments to the assignees before the institution of the trustee process.

*Trustees discharged.*